UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BURNS, INMATE #20906010,<br><br>                                Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; CONTRACT DOCTORS FOR SAN DIEGO JAILS; ACTING SHERIFF KELLY MARTINEZ; and RETIRED SHERIFF BILL GORE,<br><br>                                Defendants. | Case No.:  22-CV-0372 JLS (MDD)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FAILING TO PROSECUTE** |

      On March 18, 2022, Plaintiff John C. Burns, an inmate detained at the George Bailey Detention Facility in San Diego, California, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis* ("IFP").  ECF Nos. 1–2.  Plaintiff claimed he was denied adequate medical care and sanitary conditions of confinement in violation of the Eighth and Fourteenth Amendments while in the custody of the San Diego County Sheriff's Department.  ECF No. 1 at 3–7.
/ / /

On May 18, 2022, the Court granted Plaintiff's motion to proceed IFP and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require a court to *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, is malicious, fails to state a claim, or seeks damages from defendants who are immune. ECF No. 5; *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). The Court found Plaintiff did not state a § 1983 claim against the San Diego County Sheriff's Department because that entity is not a "person" within the meaning of § 1983, and did not state a claim against San Diego County because he did not identify a custom, practice, or policy allegedly adhered to with deliberate indifference to his serious medical needs. *Id*. at 9–12. The Court found the Complaint did not state a claim against Defendants Sheriff Martinez or former Sheriff Gore because it did not contain factual allegations describing individual acts or omissions that resulted in a constitutional violation. *Id*. at 12–14. The Court found Plaintiff did not state a claim against Defendant Contract Doctors for San Diego Jails, the only other Defendant named in the Complaint, because there were no factual allegations that any individual doctor provided constitutionally inadequate medical care. *Id*. at 14–15. Finally, the Court found the allegations of unsanitary conditions of confinement failed to state a claim because Plaintiff did not allege an injury as a result of those conditions, and his retaliation allegation failed to state a claim because it was entirely conclusory. *Id*. at 15–17.

Plaintiff was granted leave to amend and instructed to file an amended complaint on or before July 5, 2022. *Id*. at 18. He was informed that if he failed to timely amend, the Court would enter a final judgment of dismissal based on his failure to state a claim and his failure to prosecute in compliance with the order requiring amendment. *Id*. (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).

///

The deadline to amend has passed and Plaintiff has not filed an amended complaint. This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Because the Court has informed Plaintiff of his need to timely amend but he has failed to do so, factors one, two and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (noting that a court is not required to exhaust all alternatives prior to dismissal). Factor five does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (concluding that the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction.") Only factor three does not weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (noting that where defendants have not appeared, "[w]e have previously

///

recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.")

Weighing these factors, the Court finds entry of a final judgment of dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263)).

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), and for failure to prosecute by failing to file an amended complaint as required by the Court's May 18, 2022, Order. The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: August 26, 2022

Hon. Janis L. Sammartino
United States District Judge